## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANE NORRID, individually and on behalf of all others similarly situated, KERMIT MICHAEL TROXEL, individually and on behalf of all others similarly situated, KEVIN HARTMAN, individually and on behalf of all others similarly situated, TIM HYERS, individually and on behalf of all others similarly situated, CHRISTOPHER LYNN WILLIAMS, individually and on behalf of all others similarly situated, CODIE SHREVE, individually and on behalf of all others similarly situated, STEVEN ENGLAND, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>D.A.R.P., INC., an Oklahoma corporation, RAYMOND JONES, HENDREN PLASTICS, INC., an Arkansas corporation, R & R ENGINEERING, an Oklahoma corporation, GLENN WHITMAN, SIMMONS FOODS, INC., an Arkansas corporation; and WESTERN ALLIANCE, INC. (formerly JER-CO INDUSTRIES, INC.), an Oklahoma corporation,<br><br>        Defendants. | *Case No. 17-cv-401-RAW* |

### MOTION TO DISMISS AND BRIEF IN SUPPORT OF SEPARATE DEFENDANT, HENDREN PLASTICS, INC.

Separate Defendant, Hendren Plastics, Inc. moves to dismiss the Complaint filed by Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(2).

1

This Court should dismiss Plaintiffs' Complaint as to Hendren Plastics because this Court lacks personal jurisdiction over Hendren Plastics. Plaintiff's Complaint fails to make even the most basic allegations that would subject Hendren Plastic to this Court's jurisdiction. Instead, Plaintiffs have hauled Hendren Plastics into this Court on the allegation that they were associated with rehabilitation programs that worked with Oklahoma courts. There are no allegations that Hendren Plastics has any relationship with Oklahoma courts. There are no allegations that Hendren Plastics has offices or employees located in Oklahoma. To the contrary, the Complaint makes clear that Hendren Plastics is located and strictly operates in Arkansas. In fact, the Complaint makes clear that all of the activities that Plaintiffs complain of, as they relate to Hendren Plastics, took place in Arkansas. Simply put, the Complaint makes no allegations that there are any contacts that Hendren Plastics has with the State of Oklahoma that should subject it to the jurisdiction of this Court. Accordingly, Hendren Plastics should not be forced to defend or otherwise participate in this action in Oklahoma.

**FACTUAL BACKGROUND**

Plaintiffs bring the Complaint as a purported class action on the basis that they are "survivors of human trafficking and forced labor." *See* Complaint, ¶ 1. This forced labor allegedly resulted in the Plaintiffs, and all others similarly situated, performing "thousands of hours of uncompensated labor" for for-profit individuals and businesses, including Hendren Plastics and the other named Defendants. *Id*. This alleged scheme of forced labor was developed and operated by Separate Defendant, D.A.R.P., Inc. under the guise of rehabilitation and recovery services. *See* Complaint, ¶ 2. Plaintiffs and putative class members allegedly found themselves at D.A.R.P. pursuant a court sentence for criminal

charges or a plea deal. *See* Complaint, ¶ 4. D.A.R.P. allegedly houses up to 80 male workers at a time at facilities in Tahlequah, Oklahoma and Decatur, Arkansas. *See* Complaint, ¶ 5. D.A.R.P. in turn allegedly facilitates placement of the participants in its programs as workers in local business, including Hendren Plastics. *Id*.

The Complaint contains scarce allegations about Hendren Plastics. It alleges that Hendren Plastics "is a not for profit corporation, organized under the laws of the state Arkansas [sic], and is headquartered in Sulphur Springs, Arkansas." *See* Complaint, ¶ 97. There are only three other instances in which Hendren Plastics is specifically mentioned in the Complaint. The first mention is made in the allegation that Plaintiff, Shane Norrid, worked at Hendren Plastics in Gravette, Arkansas, for a period of several months. *See* Complaint, ¶¶ 17-19. The second is that Plaintiff, Christopher Lynn Williams, was made to work for Hendren Plastics. *See* Complaint, ¶ 61. There is no allegation where this took place, but since there are no allegations that Hendren Plastics operates in any state other than Arkansas, it can fairly be assumed that Mr. Williams worked for Hendren Plastics in the state of Arkansas. The third is that Separate Defendant, Glenn Whitman, "helped facilitate D.A.R.P.'s labor agreements with for profit businesses, including but not necessarily limited to, Defendants Simmons Foods, Hendren Plastics, R&R Engineering and Jer-Co Industries, Inc." *See* Complaint, ¶ 95. Plaintiffs also allege Hendren Plastics is an Arkansas corporation with headquarters in Arkansas. See Complaint, ¶ 97.

That is the totality of the allegations against Hendren Plastics. There are not any allegations that Hendren Plastics operates in Oklahoma. There are not any allegations that Hendren Plastics has offices or agents in Oklahoma. There are not any allegations that Hendren Plastics worked with Oklahoma courts to get individuals to come work for it. The

sole allegation made concerning Hendren Plastics involves a supposed agreement with Arkansas D.A.R.P. to place workers as part of D.A.R.P.'s Arkansas rehabilitation programs.

Even Plaintiffs' jurisdictional averments do not make an allegation of personal jurisdiction. *See* Complaint, ¶¶ 11-13. They simply aver that this Court has subject matter jurisdiction. The closest that Plaintiffs come to alleging personal jurisdiction is its allegations on venue. *See* Complaint, ¶ 14. In this paragraph, Plaintiffs allege that "various Defendants and/or agents of Defendants reside and/or may be found in this District, and a substantial portion of the communications, transactions, events or omissions underlying Plaintiffs' claims occurred in this District." *Id.* Despite this allegation, Plaintiffs never allege what those communications, transactions, events or omissions are, or how they relate to Hendren Plastics. Without such averments, this Court simply does not have personal jurisdiction over Hendren Plastics.

## LEGAL AUTHORITY AND ARGUMENT

"Plaintiffs bear the burden of establishing personal jurisdiction." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008) (the party seeking to establish the court's *in personam* jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction); *Benton v. Cameco Corp.*, 375 F.3d 1070 (10th Cir. 2004) ("When the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists"). Considering that a plaintiff is only required to make a prima facie showing of jurisdiction to defeat a motion to dismiss pursuant to Rule 12(b)(2), "the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." *Niemi v. Lasshofer*, 770 F.3d 1331, 1347 (10th Cir. 2014); *Dudikov*, 514 F.3d at 1068. In undertaking an analysis of personal jurisdiction, this Court

4

must examine whether the exercise of such jurisdiction is proper under the Oklahoma long-arm statute and the Constitution. *Taylor v. Phelan*, 912 F.2d 429 (10th Cir. 1990).

The Oklahoma long-arm statute "permits the exercise of any jurisdiction that is consistent with the United States Constitution," collapsing the personal jurisdiction analysis into a due process inquiry. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1247 (10th Cir.2000) (citing *Springer v. Balough*, 232 F.3d 902 (10th Cir. 2000)). Due process requires 'minimum contacts' between [a] non-resident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).

When personal jurisdiction is based off allegations made in the complaint, said allegations will only be accepted as true if "well-pled." Well-pled allegations are those which are "plausible, non-conclusory, and non-speculative." *Dudnikov*, 514 F.3d at 1070. Mere allegations that out-of-state defendant has committed some wrong that has allegedly injured forum resident does not necessarily establish that defendant possessed constitutionally required due process minimum contacts for federal district court's exercise of personal jurisdiction over defendant; to resolve jurisdictional question, court must undertake particularized inquiry as to extent to which defendant has purposefully availed itself of benefits of forum's laws." *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071 (10th Cir. 1995); *see also Burke v. Wood*s, 85 F.3d 640 (10th Cir. 1996) ("mere allegation that a nonresident defendant tortiously injured a forum resident does not necessarily establish sufficient minimum contacts to confer personal jurisdiction on the forum").

5

The seminal case on personal jurisdiction and the due process clause is *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). In *International Shoe*, the United States Supreme Court expanded the limits of state jurisdiction over nonresident defendants, while leaving in place basic notions of due process limitations on that power. The Court in *International Shoe* looked not merely to the presence of the defendant in the state, as it had fifty years earlier in *Pennoyer v. Neff*, 95 U.S. 714 (1877), but rather looked to the nature of the contacts that the nonresident defendant had with the forum state. The Court said that attention must be paid to the "quality and nature" of those contacts, *see International Shoe* at 319, and also to whether or not that defendant through those contacts enjoyed the "benefits and protections" of the laws of the foreign state. *Id*. The Court further noted that there are situations in which a nonresident defendant's contacts with a forum state may be so substantial and continuous as to justify jurisdiction over that defendant, even though the cause of action is "entirely distinct from those activities." *Id*. at 318. The touchstone principle announced by the Court in *International Shoe* was whether assumption of personal jurisdiction over the nonresident defendant was based on "minimum contacts" by the nonresident defendant in the forum state which does not offend "traditional notions of fair play and substantial justice." *Id*. at 316.

Since *International Shoe*, the Supreme Court has had occasion to revisit the personal jurisdiction question. A few of those cases are relevant to the present inquiry and have set out further principles governing *in personam* jurisdiction. A nonresident defendant's contacts with a forum state, for example, must be sufficient to cause the defendant to "reasonably anticipate being haled into court there." *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The Court has also identified two types of personal

jurisdiction: general and specific. When a cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985). However, if the exercise of jurisdiction arises in a case not stemming from the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction. *Burger King Corp. v. Rudzewicz, supra*; *Perkins v. Benguet Mining Co.,* 342 U.S. 437 (1952); *International Shoe Co v. Washington, supra.* To satisfy their burden, Plaintiffs asserting jurisdiction must establish either specific jurisdiction or general jurisdiction.

### A. Specific Jurisdiction.

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (U.S. 2011). The Tenth Circuit has held that, "For forum state to have specific personal jurisdiction over defendant, there must be some act by which defendant purposefully avails itself of privilege of conducting activities within forum state, thus invoking benefits and protections of its laws." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523 (10th Cir. 1996). The "purposeful availment" requirement for specific personal jurisdiction ensures that defendant will not be haled into jurisdiction as result of another party's unilateral acts. *Id.* at 1534. The "purposeful availment" analysis to determine whether forum state has specific personal jurisdiction over defendant turns upon whether defendant's contacts are attributable to his own actions or solely to actions of plaintiff and generally requires affirmative conduct by defendant which allows or promotes transaction of business within forum state. *Id.* at 1535.

In the instant case, Plaintiffs fail to allege any specific act that could fairly be interpreted as Hendren Plastics purposefully availing itself of the privilege of conducting activities within the State of Oklahoma. The Complaint states that Hendren Plastics is an Arkansas corporation that is headquartered in Arkansas. *See* Complaint, ¶ 97. There are no specific allegations that it has offices or conducts business in Oklahoma. There is one general allegation that a substantial portion of the communications, transactions, events or omissions underlying Plaintiffs' claims occurred in Oklahoma. *See* Complaint, ¶ 14. However, Plaintiff fail to identify what those alleged communications, transactions, events or omissions are. And Plaintiffs fail to identify which of those communications, transactions, events or omissions were allegedly made by Hendren Plastics. Plaintiffs have simply failed to plead sufficient facts to establish specific personal jurisdicition. Accordingly, the Complaint as to Hendren Plastics should be dismissed.

**B. General Jurisdiction**.

Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts. *Benton v. Cameco Corp.*, 375 F.3d at 1080 (quoting *OMI Holdings*, 149 F.3d at 1091) (internal quotation marks omitted); *see Goodyear Dunlop*, 564 U.S. at 926, 131 S. Ct. at 2855 ("[T]ies serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant."); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1167 (10th Cir. 2011); *Shrader v. Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011); *see also Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 146 (10th Cir. 1992) ("[D]efendant's contacts with the state must be greater than those required for specific jurisdiction.").

This is a "high burden." *Benton*, 375 F.3d at 1081; s*ee Trierweiler*, 90 F.3d at 1543 ("high threshold"); *see also* 4 Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1067.5, at 520 (3d ed.2002) (opining that the Supreme Court's decision in *Helicopteros* "suggests very strongly that the threshold contacts required for a constitutional assertion of general jurisdiction over a nonresident defendant are very substantial, indeed"); accord *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).

To establish general jurisdiction, "the commercial contacts here must be of a sort 'that approximate physical presence' in the state." *Shrader*, 633 F.3d at 1243 (*quoting Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000)); *see Goodyear Dunlop*, 131 S.Ct. at 2853–54 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.").

In the Complaint, Plaintiffs have come nowhere close to meeting the "high burden" necessary to establish general personal jurisdiction. There are no allegations that Hendren Plastics has any physical presence in the State of Oklahoma. There are certainly none that Hendren Plastics has the corporate equivalent in which it could be fairly regarded as home in Oklahoma. It only alleges that Hendren Plastics, an Arkansas corporation, is headquartered in Arkansas. *See* Complaint, ¶ 97. This is simply not enough to invoke general personal jurisdiction. Accordingly, the Complaint as to Hendren Plastics should be dismissed.

## CONCLUSION

Plaintiffs have failed to state any basis for this Court to hale Hendren Plastics before it. Hendren Plastics respectfully requests that this Court dismiss the Complaint as to it pursuant to Fed. R. Civ P. 12(b)(2) for lack of *in personam* jurisdiction.

Respectfully submitted,

HENDREN PLASTICS, INC.,
Separate Defendant

By: */s/ Paula Quillin*
Joseph R. Farris (OBA #2835)
Paula J. Quillin (OBA #7368)
Williams Center Tower II
2 West 2nd Street, Suite 900
Tulsa, Oklahoma  74103
Tel:    (918) 583-7139
Fax    (918) 584-3814

*Attorneys for Separate Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2017, I electronically filed the forgoing with the Clerk of the United States District Court for the Eastern District of Oklahoma, using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record.

*/s/ Paula Quillin*