## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHANE NORRID, individually and on behalf of all others similarly situated, <br> KERMIT MICHAEL TROXEL, individually and on behalf of all others similarly situated, <br> KEVIN HARTMAN, individually and on behalf of all others similarly situated, <br> TIM HYERS, individually and on behalf of all others similarly situated, <br> CHRISTOPHER LYNN WILLIAMS, individually and on behalf of all others similarly situated, <br> CODIE SHREVE, individually and on behalf of all others similarly situated, <br> STEVEN ENGLAND, individually and on behalf of all others similarly situated, <br><br>                     Plaintiffs, <br><br> vs. <br><br> D.A.R.P., INC., an Oklahoma not for profit corporation, <br> RAYMOND JONES, <br> HENDRENS PLASTICS, INC., an Arkansas for profit corporation, <br> R & R ENGINEERING CO., INC., an Oklahoma for profit corporation, <br> GLENN E. WHITMAN, <br> SIMMONS FOODS, INC., an Arkansas for profit corporation, and <br> WESTERN ALLIANCE, INC. (formerly JER-CO INDUSTRIES, INC.), an Oklahoma for profit corporation <br><br>                     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 17-cv-401-RAW <br><br> Judge Ronald A. White |

1

## MOTION TO DISMISS

COMES NOW the Defendant, R & R Engineering Co., Inc., through Levinson, Smith and Huffman, P.C., its attorneys of record, and in support of this Motion to Dismiss, states as follows:

## INTRODUCTION

Plaintiffs' action against R & R Engineering Co, Inc. ("R & R") has no factual or legal merit.  In fact, of the Plaintiffs named in the class action, only one, Michael Troxel ("Troxel"), has made allegations against R & R.  Troxel alleges that he worked an average of 63 hours per week.  The Complaint admits that R & R paid for his labor.  Troxel also admits that despite injury while working at the R & R facility, he never attempted to make a workers compensation claim.  Troxel's action against R & R should be dismissed.

Troxel worked at R & R through a rehabilitation program offered by the State of Oklahoma for convicted felons.  Troxel was sentenced to serve time in an Oklahoma prison and could have served his time in prison but chose to enter the rehabilitation program.  At all times Troxel could have rejected the Court's referral to D.A.R.P.  In addition, at all times, Troxel could have refused his work assignment to R&R.  Instead, Troxel chose D.A.R.P. over prison. D.A.R.P. then placed Troxel at R & R.

By law, this is not a case of involuntary servitude or human trafficking. Even more importantly, Mr. Troxel has not plead facts supporting a claim of involuntary servitude or human trafficking against R & R.  As a result, R & R moves to dismiss for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).

Alternatively, the State of Oklahoma is an indispensable party which cannot be joined due to sovereign immunity.  Troxel's claims fail as a matter of law.  As a result, alternatively R

& R moves to dismiss Troxel's claims under Federal Rule Civil Procedure 12(b)(7). Fed.R.Civ.P. 12(b)(7).

## ARGUMENT AND AUTHORITY

### I. Troxel does not have a claim for involuntary servitude under the TVPA (Count I).

Troxel asserts that Defendants' held him in a state of involuntary servitude in violation of the Trafficking Victims Protection Act ("TVPA"). At no time did Troxel plead a single fact establishing that R & R knowingly engaged in any form of improper, prohibited or unlawful coercion violating the TVPA and causing serious harm to Troxel. 18 U.S.C. 1589. Troxel had a choice, enter state-sponsored rehabilitation or go to prison. Troxel chose D.A.R.P. D.A.R.P. placed Troxel at R & R. The facts in the Complaint do not support a violation of the TVPA. Troxel's involuntary servitude claim should be dismissed.

### II. Troxel's human trafficking claims (Count II) should be dismissed.

Similarly, Troxel's state human trafficking claim fails and should be dismissed. Plaintiff does not allege that R & R knowingly engaged in human trafficking. Again, the facts as alleged by Plaintiff in the Complaint do not support Troxel's claim that he was unlawfully coerced. 21 O.S. 748 and 748.2. Troxel's human trafficking claim should be dismissed.

### III. Alternatively, Troxel's claims should be dismissed under Rule 19 for failure to join a necessary and indispensable party, the State of Oklahoma.

Rule 19 of the Federal Rules of Civil Procedure requires dismissal of an action where (1) an absent party claims an interest in the subject matter of a case, i.e. it is "necessary," (2) joinder of the absent party isn't feasible, and (3) in equity and good conscience, the action cannot proceed without the absent party, i.e. the absentee is "indispensable." *N. Arapaho Tribe v. Harnsberger*,

697 F.3d 1272, 1277-85 (10th Cir. 2012).  The State of Oklahoma is a necessary and indispensable party for Troxel's involuntary servitude and state human trafficking claims.

Because the State of Oklahoma has sovereign immunity, its joinder is not feasible. The State of Oklahoma is a necessary party under Rule 19(a)(1)(B).  It is the State of Oklahoma who created the rehabilitation program as an alternative to prison.  It is the State of Oklahoma who would be liable for approving D.A.R.P.   As a result, it is the State of Oklahoma who is necessary to defend the propriety of the sentencing alternative and the legitimacy of the rehabilitation program.  However, joinder of the State is not feasible because the State of Oklahoma is immune from suit with limited exceptions, none of which have been plead in this case.  See id. at 1282, U.S. Const. amend. XI.  Litigation of this claim without the State of Oklahoma 's presence effectively destroys the legal validity and effect of the state's sovereign immunity.  *See Republic of Phillipines v. Pimentel*, 553 F.2d 890, 894 (10th Cir. 1989).  Plaintiff cannot and does not claim otherwise.

## **CONCLUSION**

For the reasons set forth above, R & R moves to dismiss Troxel's claims under Fed. R. Cov. P. 12(b)(6) and 12(b)(7).

Respectfully submitted,

 *s/Terence P. Brennan*
Terence P. Brennan, OBA #10036
Evan M. McLemore, OBA #31407
LEVINSON, SMITH & HUFFMAN, P.C.
1743 East 71st Street
Tulsa, OK 74136-5108
918.492.4433 – Tel.
918.492.6224 – Fax
**ATTORNEY FOR DEFENDANT,
R & R ENGINEERING CO., INC.**

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of December 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of the Electronic Filing to the following ECF registrants:

Brady R. Henderson – bhenderson@acluok.org
Daniel E. Smolen – danielsmolen@ssrok.com
David A. Warta – davidwarta@ssrok.com
Donald E. Smolen, II – donaldsmolen@ssrok.com
Lauren Lambright – laurenlambright@ssrok.com
Amy N. Gioletti – agioletti@acluok.org
*Counsel for Plaintiffs*

Williams B. Putman – bill@putmanlawoffice.com
Jack Mattingly, Jr. – jackjr@mroklaw.com
*Counsel for Defendants,*
*D.A.R.P., Inc. and Raymond Jones*

Williams B. Putman – bill@putmanlawoffice.com
*Counsel for Defendants,*
*D.A.R.P., Inc., Raymond Jones, and Glenn E. Whitman*

Joseph R. Farris – jfarris@tulsalawyer.com
Paula J. Quillin – pquillin@tulsalawyer.com
*Counsel for Defendant,*
*Hendren Plastics, Inc.*

Amy M. Stipe – astipe@gablelaw.com
Christopher S. Thrutchley – cthrutchley@gablelaw.com
John David Russell – jrussell@gablelaw.com
Justin A. Lollman – jlollman@gablelaw.com
Philip D. Hixon – phixon@gablelaw.com
Sidney G. Dunagen – sdunagan@gablelaw.com
*Attorney for Defendant,*
*Simmons Foods, Inc.*

Jessica L. Johnson – jjohnson@bestsharp.com
Sean H. McKee – smckee@bestsharp.com
*Counsel for Defendant,*
*Western Alliance, Inc.*