IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

SHANE NORRID et al.                                                                                    PLAINTIFFS

v.                                         Case No. 17-cv-401-RAW

D.A.R.P., INC. et al.                                                                                 DEFENDANTS

**SEPARATE DEFENDANT GLENN O. WHITMAN'S
BRIEF IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' First Amended Class and Collective Action Complaint ("Amended Complaint") fails to state a claim for relief against separate Defendant Glenn O. Whitman (erroneously identified in the Amended Complaint as "Glenn E. Whitman"). Plaintiffs' cause of action against Whitman should therefore be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2).

**Applicable Law**

Pursuant to F.R.C.P. 12(b)(6), a cause of action may be dismissed if it fails to state a claim upon which relief can be granted. Rule 12(b)(6) must be read along with Rule 8, which provides in pertinent part that "a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive a motion to dismiss,

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal citations omitted).

**Analysis and Argument**

In the Overview of Claims section of the Amended Complaint, the only claim in which Plaintiffs identify Whitman as a culpable defendant is the Trafficking Victims Protection Act ("TVPA") claim set forth in paragraph 14. More specifically, Plaintiffs assert that all of the named defendants violated 18 U.S.C. §§ 1589 and 1594, which prohibit obtaining labor by threats of physical restraint or the abuse or threatened abuse of law or the legal process. However, in paragraph 16 Plaintiffs represent that they are bringing this TVPA claim "on behalf of all persons who, at any time from ten years prior to the filing of this action, have performed work for DARP, Simmons, Hendren Plastics, R&R Engineering, Western Alliance, and/or Mid-America Cabinets while residing at DARP." Separate Defendant Whitman is conspicuously absent from this list. Absent allegations that Whitman engaged in conduct that violates 18 U.S.C. § 1589, and a statement that Plaintiffs' TVPA claim is brought on behalf of persons who performed work for Whitman, Plaintiffs fail to state a claim upon which relief can be granted against Whitman.

This failure to connect Whitman to alleged conduct that violates the TVPA continues in Counts III and IV of the Amended Complaint. Count III is captioned "Involuntary Servitude in Violation of the TVPA." Plaintiffs assert that claim on behalf of "the TVPA Class." Amended Complaint at 36. Whitman is identified as a defendant in the caption of Count III, but no allegations of actual unlawful conduct are made against him. Rather, in paragraph 150 Plaintiffs assert that "Defendants DARP, Simmons Foods, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinets attempted to and did subject Plaintiffs and putative class members to forces, unpaid labor in violation of 18 U.S.C. §§ 1589 and 1594." The same deficiency is present in Count IV, "Conspiracy to Violate the TVPA." Whitman is named in the caption of Count IV, but allegations that Plaintiffs and putative class members were subjected to forced, unpaid labor

in violation of 18 U.S.C. § 1589 are leveled against DARP, Hendren Plastics, R&R Engineering, Western Alliance, and Mid-America Cabinets, not Whitman.

The only allegations in the Amended Complaint pertaining to Whitman's conduct are set forth in paragraphs 96-99. In those paragraphs Plaintiffs allege that Whitman:

- "is an employee, agent or contractor of DARP" (¶96):
- "represents himself as a Christian pastor who provides religious worship and instruction to DARP workers" (¶ 97);
- "helped facilitate DARP's labor agreements with for profit businesses" (¶ 98); and
- "knowingly personally profited from unpaid labor provided by Plaintiffs and putative class members at his home and chicken houses." (¶ 99).

Plaintiffs do not claim, nor could they, that working for DARP, representing oneself as a Christian pastor, providing religious services, or facilitating labor agreements between DARP and for profit businesses are unlawful activities. Presumably, Plaintiffs are suggesting that benefitting from unpaid labor provided by Plaintiffs and putative class members is unlawful, but merely receiving the benefit of unpaid labor is not unlawful per se.

As noted above, the only claim for relief in which Whitman is named is Plaintiffs' claim for alleged violations of the TVPA. The specific provision cited by Plaintiffs prohibits "obtaining labor by threats of physical restraint or the abuse or threatened abuse of law or the legal process." Amended Complaint at ¶ 15, *citing* 18 U.S.C. § 1589. Plaintiffs do not allege that Whitman obtained labor through threats and/or abuse; they merely assert that he received the benefit of unpaid labor. Assuming that Whitman did obtain some benefit from unpaid labor provided by Plaintiffs and putative class members, as the Court must for purposes of this motion, Plaintiffs

have drawn no connection between Whitman's alleged receipt of unpaid labor and conduct that even arguably violates the referenced provision of the TVPA.

In paragraph 79 of their original Complaint, Plaintiffs asserted that Plaintiff Codie Shreve ("Shreve") "was made to provide unpaid labor to Pastor Glenn during his stay at D.A.R.P., including cleaning Pastor Glenn's personal chicken houses." That allegation has been omitted from the Amended Complaint Plaintiffs filed on December 11. Whitman is not privy to the rationale for Plaintiffs' decision to omit that specific allegation from the Amended Complaint, but it is worth noting that Plaintiffs allege Shreve was a resident at DARP's Decatur facility "from approximately October 2006 until at least March 2008." *Id*. at ¶ 67. Possible explanations for the omission of this allegation from the Amended Complaint include (1) the conduct alleged did not occur within the applicable limitations period, or (2) the allegations were not deemed credible after further investigation. In any event, for purposes of this motion the key point is that the Amended Complaint is bereft of factual allegations that tie Whitman to arguably unlawful conduct.

Even if the Amended Complaint did state a claim for relief against Whitman, which is denied, Plaintiffs have not alleged that Whitman acted as anything other than "an employee, agent, or contractor of DARP." Taking that allegation as true for purposes of this motion, Plaintiffs have failed to assert a basis for Whitman's liability that is not a function of his status as an employee, agent or contractor of DARP.

## Conclusion

Plaintiffs have failed to assert a claim that is "plausible on its face" against Whitman. There are simply no factual allegations in the Amended Complaint that would allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." For that reason, the Court should grant Whitman's motion and dismiss him from this lawsuit.

        Respectfully submitted,

        GLENN O. WHITMAN, Separate Defendant

By:   */s/ William B Putman*
      WILLIAM B. PUTMAN
      PUTMAN LAW OFFICE
      3900 N. Front St., Ste. 204
      Fayetteville, AR 72703
      (479) 287-1288
      bill@putmanlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2017, I submitted the foregoing to the Clerk of the Court for filing using the CM/ECF system, which will send notification of such filing to all counsel of record.

        */s/ William B. Putman*
        WILLIAM B. PUTMAN

5