IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHANE NORRID, individually and on behalf of all others similarly situated, KERMIT MICHAEL TROXEL, individually and on behalf of all others similarly situated, KEVIN HARTMAN, individually and on behalf of all others similarly situated, TIM HYERS, individually and on behalf of all others similarly situated, CHRISTOPHER LYNN WILLIAMS, individually and on behalf of all others similarly situated, CODIE SHREVE, individually and on behalf of all others similarly situated, STEVEN ENGLAND, individually and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>D.A.R.P., INC., an Oklahoma corporation, RAYMOND JONES, HENDREN PLASTICS, INC., an Arkansas corporation, R & R ENGINEERING, an Oklahoma corporation, GLENN WHITMAN, SIMMONS FOODS, INC., an Arkansas corporation; and WESTERN ALLIANCE, INC. (formerly JER-CO INDUSTRIES, INC.), an Oklahoma corporation, <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | *Case No. 17-cv-401-RAW* |

**HENDREN PLASTICS, INC. REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO ITS MOTION TO DISMISS AMENDED COMPLAINT**

Separate Defendant, Hendren Plastics, Inc. ("Hendren Plastics"), submits this Reply to Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss (Doc. 73) and in support of Hendren Plastics, Inc.'s Motion to Dismiss (Doc. 48). Plaintiffs' Response in opposition to the

1

Motion to Dismiss fails to articulate any legitimate basis, either factually or legally, for denial of Hendren Plastics' Motion.

## I. This Court Does Not Have Personal Jurisdiction Over Hendren Plastics.

A. <u>Hendren Plastics neither created nor maintained ongoing, substantial contacts with the State of Oklahoma.</u>

Plaintiffs do not dispute that Hendren Plastics did not have its factory or leadership located in Oklahoma at any time. Doc. 73, p. 7. Instead, the core of the argument that Plaintiffs seem to be making is that Hendren Plastics contracted with Separate Defendant, DARP, for the express purpose of getting workers from Oklahoma. Doc. 73, p. 6. Plaintiffs set forth this position by alleging that "the crux of Defendant Hendren's contractual relationship with Defendant D.A.R.P. was the provision of a steady supply of unpaid labor imported by Defendant D.A.R.P. into Hendren's Arkansas factory from the State of Oklahoma." *Id*. Plaintiffs cling to this assertion despite the affidavit of Jim Hendren, President of Hendren Plastics, and its own assertions to the contrary.

First, Hendren Plastics made it clear that it had no knowledge of where the participants in the DARP program originated. Jim Hendren's affidavit states that Hendren Plastics understood that the participants that would be provided to its business were residing at DARP's Arkansas facility. Doc. 48-1, ¶ 6. The affidavit further states that Hendren Plastics was not aware which court(s) ordered individuals to DARP or where the DARP participants were from prior to moving to DARP's Arkansas facility. Doc. 48-1, ¶ 6. Plaintiffs offer no evidence to dispute any of these facts.

To the contrary, Plaintiffs corroborate the information asserted by Hendren Plastics. Plaintiffs acknowledge that "<u>Defendant D.A.R.P. made placement decisions</u>, at least for male participants who could be housed in either Tahlequah or Decatur [Arkansas] facilities, based on

factors including whether workers were needed, by employers including Defendant Hendren, at the time of placement." Doc. 73, p. 6 (emphasis added). In other words, DARP was deciding where participants were placed; Hendren Plastics only became involved with participants of DARP after they were placed at DARP's Arkansas facility. This is consistent with Jim Hendren's affidavit and underscores Hendren Plastics' argument that it did not have any ongoing or substantial contacts with the State of Oklahoma. DARP was the one who would process participants from Oklahoma's drug courts, and the drug courts of other states, and decide where they would go. The ones that made it to DARP's Decatur, Arkansas facility might then end up meeting their rehabilitation requirements at Hendren Plastics.

These undisputed facts undercut the little legal authority that Plaintiffs cite for their position that this Court has personal jurisdiction over Hendren Plastics. Plaintiffs argue that parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." Doc. 73, p. 7 (*citing Burger King Corp. v. Rudewicz*, 471 U.S. 462, 473 (1985)). They further argue that "[j]urisdiction…may not be avoided merely because the defendant did not *physically* enter the forum state." Doc. 73, p. 7 (*citing Burger King Corp.,* 471 U.S. at 476 (1985)). While Hendren Plastics does not dispute the validity of this authority, this authority is inapplicable to the facts of this case. Hendren Plastics did not physically enter the forum state related to the activities alleged in this matter. Similarly, Hendren Plastics did not "reach out" beyond Arkansas to "create continuing relationships and obligations" in Oklahoma. It merely established a relationship with an entity that had a presence in Decatur, Arkansas, and continued that relationship within the limits of Arkansas. As for law that does apply to these facts, it is clear that the mere presence of a party to a contract in the forum state will not establish

3

a substantial connection to that state. *See Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1421 n. 8 (10th Cir. 1988).

There are simply no factual allegations that alter this analysis. The only piece of evidence that Plaintiffs offer to meet the affidavit of Jim Hendren is an "Initial Income Withholder Order" for Shane Norrid that was allegedly sent to Hendren Plastics by the Oklahoma Child Support Services. *See* Doc. 73-1. Contrary to Plaintiffs' suggestion, this document does nothing to support the allegation that this Court has personal jurisdiction over Hendren Plastics.

The idea that personal jurisdiction is created when a business receives a withholding order for child support from another state runs contrary to both the law and common logic. Both Oklahoma and Arkansas have passed the Uniform Interstate Family Support Act ("UIFSA"). *See* Okla. Stat. tit. 43, § 601-101 *et seq.*, Ark. Code Ann. § 9-17-101 *et seq.* The aim of UIFSA is that only one child support order is needed at a time, such that an initial order from one state can be fully enforced in another. Not only are Arkansas and Oklahoma permitted to enforce one another's child support orders, they are required to do so under the Full Faith and Credit for Child Support Orders Act ("FFCCSOA"), a federal law. See 28 U.S.C. § 1738B. FFCCSOA requires each state to enforce properly entered child support orders, including those issued in other states. Neither of these state nor federal statutes have any bearing on personal jurisdiction.

In short, Plaintiffs argue that a withholding order for child support sent to a business in another state subjects that business to the federal courts of that state where the order was issued. Plaintiffs are wrong. First, UIFSA and FFCCSOA seek to streamline the process of collecting child support, not extend personal jurisdiction over an out-of-state business in matters unrelated to child support, as Plaintiffs suggest. *See* Okla. Stat. tit. 43, § 601-201 and A.C.A. 9-

17-201 ("Bases for jurisdiction over nonresident" only involves "proceeding[s] to establish or enforce a support order or to determine parentage"). Second, nowhere does UIFSA or FFCCSOA permit a state to have jurisdiction over any issue so long as it has sent an involved party a child support order. *See* Ark. Code Ann. § 9-17-501 (merely permits another state to send a withholding order to Arkansas entity, not exercise jurisdiction over that entity). Of course, if the law was as Plaintiffs argue, any state would have jurisdiction over anybody for any issue, so long as the defendant had been ordered to pay child support by the forum state. This is not the law in Oklahoma, Arkansas, or anywhere in the United States.

B. <u>Hendren Plastics does not need to establish undue hardship that would result from litigation in Oklahoma.</u>

Plaintiffs argue that Hendren Plastics must present a compelling case for other factors, such as substantial inconvenience or a clash of substantive policies, that would render jurisdiction in Oklahoma unreasonable. Doc. 73, p. 7-8 (*citing Burger King Corp.,* 471 U.S. at 477 (1985)). Plaintiffs' argument is premised on the allegation that Hendren Plastics "purposefully [directed] his activities at forum residents." *Id.* This premise is erroneous. As explained above, Hendren Plastics has not purposefully directed its activities at Oklahoma. To suggest otherwise, thereby attempting to force Hendren Plastics to complete an unnecessary analysis, is a red herring that should be ignored by the Court. As cited in the affidavit of Jim Hendren, Hendren Plastics has not purposefully directed any activities at Oklahoma, which explains why Plaintiffs are unable to provide any evidence to suggest otherwise.

C. <u>Oklahoma's interest in litigating a dispute does not circumvent jurisdictional requirements.</u>

The claims brought by Plaintiffs in this matter do not impact the jurisdiction of this Court over the named parties. Plaintiffs argue that, because there was an alleged violation of an

5

Oklahoma statute by an Arkansas corporation, this Court should decide that jurisdiction exists over the Arkansas corporation. In other words, Plaintiffs seem to suggest that the existence of personal jurisdiction depends on the claims brought. Of course, this is incorrect and Plaintiffs' argued approach is backwards. Federal courts are courts of limited jurisdiction. The analysis is always whether jurisdiction over a party exists *before* a claim can be maintained.

## II. Plaintiffs have already amended their complaint once, making further amendments futile.

Plaintiffs next argue that the lack of a section in Hendren Plastics' Motion to Dismiss explaining why an amendment to the Complaint would be futile is a concession that Plaintiffs should be allowed an opportunity to further amend its underlying complaint. But, Plaintiffs have already amended their Complaint once. Hendren Plastics' entire Motion to Dismiss the Amended Complaint is an explanation as to why another amendment would be futile. After two bites at the apple, Plaintiffs are still unable to carry their burden of demonstrating personal jurisdiction over Hendren Plastics. This is their burden to carry. *See Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3rd 1063 (10th Cir. 2008). Plaintiffs have failed to meet this burden and their Amended Complaint should be dismissed as to Hendren Plastics.

## III. No jurisdictional discovery is warranted.

Plaintiffs' final argument is that they should be permitted to conduct limited jurisdictional discovery to address factual issues raised in a motion to dismiss. Such discovery is unnecessary as there are no factual issues in dispute. Hendren Plastics has demonstrated through an affidavit that it does not have any presence in Oklahoma, that it did not seek labor from Oklahoma via DARP, and its relationship with DARP has been confined to Arkansas. Plaintiffs have offered no evidence to contradict these facts. The only evidence it offered was an Initial Income Withholding Order that Oklahoma's Child Support Services issued for Shane Norrid's child(ren).

If the residence of Mr. Norrid's child(ren) were in dispute or relevant to this jurisdictional inquiry, perhaps some additional discovery might be warranted. But that is not an issue in this case. There are no credible factual allegations that need to be resolved that would impact the analysis of personal jurisdiction of this Court over Hendren Plastics.

Even assuming there were factual issues in dispute, Plaintiffs have had ample time to obtain evidence that they now claim is needed. Plaintiffs filed their original Complaint (Doc. 2) on November 1, 2017. Hendren Plastics moved to dismiss the original Complaint (Doc. 22) on November 27, 2017. Plaintiffs filed their First Amended Complaint (Doc. 39) on December 11, 2017. Hendren Plastics moved to dismiss the First Amended Complaint (Doc. 48) on December 21, 2017. Plaintiffs filed an unopposed Motion to Extend Time (Doc. 55) to respond to Hendren Plastics' second Motion to Dismiss. The Court granted this motion (Doc. 59) on December 27, 2017, giving Plaintiffs until January 26, 2018 to respond. In their response, filed nearly three months after filing their initial Complaint, Plaintiffs are arguing that additional time is necessary to gather evidence for Oklahoma jurisdiction over an Arkansas entity that Plaintiffs admit dealt with DARP through DARP residents in Arkansas, and only used workers who resided in Arkansas. (Doc. 39 ¶¶ 42, 60-61, 94, 96 & 98) Given the amount of time that has already passed, with no efforts to obtain evidence that could speak to jurisdictional questions, Plaintiffs' current effort to get more time is nothing more than dilatory. Further, Plaintiffs have not identified what evidence they would seek that would resolve the factual issues they claim exist, which they also have not identified.

## CONCLUSION

Plaintiffs have failed to state any basis for this Court to exercise jurisdiction over Hendren Plastics. Hendren Plastics respectfully requests that this Court dismiss the Complaint as

to it pursuant to Fed. R. Civ P. 12(b)(2) for lack of *in personam* jurisdiction.Respectfully submitted,

                        HENDREN PLASTICS, INC.,
                        Separate Defendant

By:   */s/ Paula Quillin*
       Joseph R. Farris (OBA #2835)
       Paula J. Quillin (OBA #7368)
       Williams Center Tower II
       2 West 2nd Street, Suite 900
       Tulsa, Oklahoma  74103
       Tel:    (918) 583-7139
       Fax    (918) 5843814

*Attorneys for Separate Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February, 2018, I electronically filed the forgoing with the Clerk of the United States District Court for the Eastern District of Oklahoma, using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record.

                        */s/ Paula Quillin*