**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) SHANE NORRID, individually and on behalf of all others similarly situated, <br> (2) KERMIT MICHAEL TROXEL, Individually and on behalf of all others similarly situated, <br> (3) KEVIN HARTMAN, individually and on behalf of all others similarly situated, <br> (4) TIM HYERS, individually and on behalf of all others similarly situated, <br> (5) CHRISTOPHER LYNN WILLIAMS, individually and on behalf of all others similarly situated, <br> (6) CODIE SHREVE, individually and on behalf of all others similarly situated, <br> (7) STEVEN ENGLAND, individually and on behalf of all others similarly situated <br><br>       Plaintiffs, <br><br>       v. <br><br> (1) D.A.R.P., INC., an Oklahoma not for profit corporation, <br> (2) RAYMOND JONES, <br> (3) Hendren Plastics, Inc., an Arkansas for profit corporation, <br> (4) R & R ENGINEERING CO., INC., an Oklahoma for profit corporation, <br> (5) GLENN E. WHITMAN, <br> (6) SIMMONS FOODS, INC., an Arkansas for profit corporation, and <br> (7) WESTERN ALLIANCE, INC. (formerly JER-CO INDUSTRIES, INC.), an Oklahoma for profit corporation <br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 17-cv-401-RAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT HENDREN PLASTICS, INC. REPLY IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFFS' RICO CLAIMS**

## TABLE OF CONTENTS

I.    Hendren's Motion To Dismiss Is Permissible ........................................................................ 1

II.   Plaintiffs Have Failed To State A Rico Claim ...................................................................... 3

  A.   Plaintiffs' Have Failed to State a Cause of Action Under 18 U.S.C. §1962(c) ................. 3

    1.   Plaintiffs Have Not Sufficiently Alleged that Hendren is Engaged in an "Enterprise" ... 4

    2.   Plaintiffs Have Not Sufficiently Alleged that Hendren Has "Conducted" the Affairs of the Alleged Enterprise .................................................................................................... 5

    3.   Plaintiffs Have Not Made A Plausible Claim that Hendren Engaged in "Racketeering Activity" ............................................................................................................................. 6

    4.   Plaintiffs Have Not Made a Plausible Claim That Plaintiffs Sustained Injuries Proximately Caused by Hendren ....................................................................................... 7

  B.   Plaintiffs Have Not Stated a Claim That Hendren Conspired to Violate 18 U.S.C. § 1962(c) in Violation of §1962(d) ....................................................................................... 8

  C.   Plaintiffs' Claims Should Be Dismissed Because the State of Oklahoma (and its Agents) Are Necessary and Indispensable Parties ......................................................................... 8

  D.   Plaintiffs' Claims Should Be Dismissed Pursuant to *Heck v. Humphrey* ......................... 10

III.   CONCLUSION .................................................................................................................... 10

## TABLE OF AUTHORITIES

Cases

*Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) ....................................................................... 5

*Boyle v. United States*, 556 U.S. 938, 945 (2009) .......................................................................... 4

*Boyle v. United States*, 556 U.S. 938, 950 (2009) .......................................................................... 6

*Heck v. Humphrey*¸512 U.S. 477 (1994) ....................................................................................... 10

*Lui Ciro, Inc. v. Circo Inc.,* 895 F. Supp. 1365, 1377 (D. Haw. 1995) ........................................... 1

*Muchira v. Al-Rawaf*, 850 F.3d 605, 617 (4th Cir. 2017) ............................................................... 7

*Office Outfitters, Inc. v. A.B. Dick Co., Inc.,* 83 F. Supp. 2d 772, 775 (E.D. Tex. 2000) ............... 1

*Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 605 (5th Cir. 1998) ................................................. 1

*Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993) ....................................................................... 6

*Reves,* 507 U.S. 170 (1993) ........................................................................................................... 6

*Salinas v. U.S.*, 522 U.S. 52 (1993) ............................................................................................... 8

*U.S. v. Harris*, 695 F.3d 1125, 1133 (2012) ................................................................................... 8

*Vaughn v. Phoenix House Programs of New York,* No. 14-CV-3918 RA, 2015 WL 5671902, at 6 (S.D.N.Y. Sept. 25, 2015) .......................................................................................................... 7

i

Statutes

18 U.S.C. § 1962(c) ............................................................................................... 8
18 U.S.C. §1962(c) ........................................................................................... 3, 8
18 U.S.C. §1962(d) ............................................................................................... 8
22 O.S. §471.1(G) ................................................................................................ 9
Title 42 §1983 .................................................................................................... 10
Trafficking Victims Protection Reauthorization Act ........................................... 7

Other Authorities

*Manual for Complex Litigation, Fourth*, §35.31 ................................................ 2

Rules

FRCP 7(a) ............................................................................................................. 1
FRCP Rule 19(a)(2) .............................................................................................. 9
Local Rule 7.1(o) ................................................................................................. 3
Rule (3) ................................................................................................................. 2
Rule 12 ................................................................................................................. 2
Rule 12(h)(2) ........................................................................................................ 2
Rule 12(h)(2)(A) .................................................................................................. 3
Rule 19(a)(1)(B)(i) .............................................................................................. 9
Rule 9(b) .............................................................................................................. 2

In support of its Motion to Dismiss Plaintiffs' RICO Claims (Doc. 105), Defendant Hendren Plastics, Inc. ("Hendren"), submits the following Reply pursuant to LCvR 7.1(e).

## I.   HENDREN'S MOTION TO DISMISS IS PERMISSIBLE

Plaintiffs complain that Hendren's Motion to Dismiss Plaintiffs' RICO Claims is impermissible because 1) Hendren has already filed an Answer to Plaintiffs' Complaint and 2) because Hendren previously filed a Motion to Dismiss on the basis of lack of personal jurisdiction.  Neither of these facts prohibits Hendren from filing its Motion in response to Plaintiffs' RICO Statement.

Hendren filed its Answer before Plaintiffs filed their RICO Case Statement.  The RICO Case statement contained allegations which were not contained in the Amended Complaint and is comparable to a more definite statement under FRCP 12(e).  In this instance, the request for a more definite statement was not made by a party, but was ordered by the Court on its own initiative.  Because of the complexity of RICO claims, some districts have adopted standing orders requiring the filing of RICO case statements within a certain period of time once the complaint is filed.  *See e.g. Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 605 (5th Cir. 1998); *Lui Ciro, Inc. v. Circo Inc.,* 895 F. Supp. 1365, 1377 (D. Haw. 1995). Other districts, however, only require a RICO statement where the court determines that such a statement is necessary. *See e.g. Office Outfitters, Inc. v. A.B. Dick Co., Inc.,* 83 F. Supp. 2d 772, 775 (E.D. Tex. 2000) (noting, after hearing on defendant's motion to dismiss, the magistrate judge recommended plaintiffs file RICO case statement and defendants be allowed to renew their motions once the statement was filed).  The Court in this case determined that a RICO statement was necessary and entered its Order directing the filing of the statement on April 3, 2018.  Accordingly, although Hendren had already filed an Answer, Plaintiffs' RICO statements made new allegations to which Hendren was entitled to respond.

Plaintiffs opine that Hendren is not permitted to file a responsive motion to their RICO statement because the RICO statement is not specifically listed as a "pleading" in FRCP 7(a).  There is no explicit authority for courts to order the filing of a RICO statement, however almost all jurisdictions allow for such orders.  Similarly, the fact that "Rico Statement" is not listed under FRCP 7(a) does not render it an

1

impermissible pleading, or even a non-pleading.   Courts generally have considered the RICO case statement as part of the pleadings.  *Manual for Complex Litigation, Fourth*, §35.31.  "Requiring the plaintiff to file a RICO case statement will assist the court when ruling on motions under Rule 12 and Rule 9(b)…In ruling on motions under Rule 12, courts have considered the facts stated in the RICO case statement in conjunction with the allegations of the complaint.  The RICO case statement, together with a reading of the complaint, will help narrow the issues and identify claims that lack merit, which can then be dismissed (with or without prejudice) before significant time and effort is spent." *Id.*   Permitting a Motion to Dismiss based upon allegations contained in the RICO Statement serves the purpose for which the RICO statement was ordered, *to wit:* narrowing the issues and determining the legal sufficiency of Plaintiffs' claims.  Furthermore, it is of no consequence that the Court's order did not explicitly reference Hendren's ability to file a responsive pleading; the RICO Statement contains factual allegations and legal claims which were not contained in the Amended Complaint (similar to a more definite statement or a second amended complaint), and Hendren is entitled to respond to such a pleading.

Plaintiffs additionally argue that Hendren's Motion to Dismiss is not permitted because Hendren previously filed a Motion to Dismiss based upon lack of personal jurisdiction.   In support of this argument, Plaintiffs cite to FRCP 12(g) which  prohibits a party from making another motion under Rule 12 and "raising a defense or objection that was available to the party but omitted from its earlier motion," "except as provided in Rule 12(h)(2) or (3)."  After Plaintiffs filed their RICO Statement, Hendren had a more detailed statement of Plaintiffs' RICO allegations; this is information Hendren did not have when it filed its first Motion to Dismiss on personal jurisdiction, therefore it is not an objection which was "available… but omitted from its earlier motion."

Plaintiffs refer to the Advisory Committee's note which states that, "if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion." (Doc. 109, f.n.2).  This comparison is inapplicable; pursuant to 12(h), a motion to dismiss for improper venue is waived if it is omitted from an initial motion or from the responsive

2

pleading.    However, pursuant to 12(h), a 12(b)(6) motion to dismiss is not waived under these circumstances.  Furthermore, the exceptions in 12(h)(2) do apply.  Rule 12(h)(2)(A) allows a party to file a motion to dismiss for failure to state a claim in any pleading allowed or ordered under Rule 7(a).  As discussed above, under federal practice, the RICO statement qualifies as a pleading and a motion to dismiss filed in response is therefore permissible, despite Hendren having filed a previous Motion to Dismiss regarding personal jurisdiction.

Plaintiffs allege that Hendren's Motion fails to comply with Local Rule 7.1(o) which requires an explanation why the movant believes amendment to the complaint would be futile.  Hendren's motion contains detailed explanations under each RICO element as to why Plaintiffs have not, and cannot allege any facts which would cure the defects in their claim.  Amendment of Plaintiffs' complaint would be futile because Plaintiffs cannot establish the elements necessary to establish a violation of 18 U.S.C. §1962(c).  For example, Plaintiffs did not sufficiently allege the existence of an association-in-fact enterprise.  An association-in-fact requires three structural features, including a common purpose.  Plaintiffs claimed that the purpose of the alleged association-in-fact was to benefit from forced labor.  However, it is uncontested that Hendren paid for the labor it received.  There is no amendment which could cure this fundamental defect in Plaintiffs' allegations.  Each section of Hendren's Motion to Dismiss contains detailed statements explaining why an amendment to the complaint would be futile.  Furthermore, the Court's order requiring the filing of the RICO Statement was a request for supplementation; even after supplementing the Complaint, Plaintiffs have still not stated a claim under RICO.

## II.    PLAINTIFFS HAVE FAILED TO STATE A RICO CLAIM

### A.  Plaintiffs' Have Failed to State a Cause of Action Under 18 U.S.C. §1962(c)

Like their Complaint and RICO Statement, Plaintiffs' Opposition to Defendant's Motion to Dismiss focuses heavily on the actions of DARP, not Hendren.  Plaintiffs allege "DARP, while masquerading as a treatment facility, provides no treatment, is unqualified to provide

treatment, and is prohibited from participating in Oklahoma's drug court system." (Doc. 109, p.3). They state that "DARP is not qualified to provide substance abuse treatment, and, as a non certified facility, is prohibited from participating in the drug court system…rather than providing treatment, DARP and Hendren usurp the proper purpose of the drug court system, and use the threat of prison solely to compel labor for private profit." (Doc. 109, p.4).  It is unclear how the alleged wrongdoings of DARP are transformed into "Hendren usurping the proper purpose of the drug court system."   It appears that Plaintiffs are attempting to rope Hendren into the alleged wrongful conduct of DARP for the sole purpose of establishing another source from which to recover damages, notwithstanding the fact that the only act Hendren engaged in was obtaining temporary employees, for which it paid.

Plaintiffs attempt to make DARP's certification and qualifications a point of contention. However for the purpose of Hendren's Motion to Dismiss, it is immaterial whether DARP actually provided drug and alcohol treatment.  Rather, the issue before the Court is whether Plaintiffs have sufficiently pled a RICO claim against Hendren.

### 1.  Plaintiffs Have Not Sufficiently Alleged that Hendren is Engaged in an "Enterprise"

Plaintiffs claim that Hendren has only challenged the "purpose" element required for establishing an "association-in-fact enterprise."   Even if this is true, which it is not, only one element need be missing in order for the claim to fail.[1] *Boyle v. United States*, 556 U.S. 938, 945 (2009).  Plaintiffs' claim therefore fails.  Plaintiffs then state that Hendren's argument regarding the enterprise element is an insufficient basis to dismiss the RICO claim because the argument is "premised on disputing the factual contentions contained in Plaintiffs' FAC." (Doc. 109, p. 5).

---

[1] Two of the three elements required to establish an association-in-fact enterprise require a showing of common purpose.  *Boyle v. United States*, 556 U.S. 938, 945 (2009).   Hendren argues that Plaintiffs have not pled facts which plausibly establish that Hendren operated together with DARP for the "common purpose of benefitting from forced labor and involuntary servitude" and therefore contest two of the three elements listed in *Boyle.*

In order to survive a motion to dismiss under 12(b)(6), a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a focus on the facts alleged by Plaintiffs is appropriate. If a plaintiff fails to "nudge its claims across the line from conceivable to plausible, the complaint must be dismissed." *Id.* As set forth in Hendren's Motion, Plaintiffs fail to nudge their claim across the line from conceivable to plausible. For instance, it is implausible that Hendren "compelled [Plaintiffs] to work by threat of prison" as it is the courts of Oklahoma that wield the threat of prison, not an Arkansas corporation engaged in plastic manufacturing. In addition, it is undisputed that Hendren paid for the labor it received, therefore the allegation that Hendren engaged in forced labor and involuntary servitude is also not plausible. Plaintiffs have failed to assert plausible factual allegations in support of their claim, accordingly dismissal is proper.

## 2. Plaintiffs Have Not Sufficiently Alleged that Hendren Has "Conducted" the Affairs of the Alleged Enterprise

Plaintiffs state that the alleged association-in-fact enterprise "would not exist without Hendren's active participation." (Doc. 109, p.8). Based upon Plaintiffs' own allegations, this statement is false. Plaintiffs' Complaint originally named multiple businesses to whom DARP supplied temporary labor, including R&R Engineering Co., Inc., Simmons Foods, Inc., Western Alliance, Inc., and Mid-America Cabinets, Inc. (Doc. 39). Although Plaintiffs have since dismissed the other defendants, the claims against them were based on the same set of allegations leveled against Hendren, that is, that DARP contracted with the defendants to provide unlawful labor. (Doc. 39). Moreover, Plaintiffs Complaint relies on DARP's alleged failure to provide drug and alcohol treatment and DARP's lack of licensure; these allegations have no relation to Hendren whatsoever. Under Plaintiffs' own version of the facts, the alleged association-in-fact enterprise could indeed exist without Hendren's involvement.

5

RICO's conduct element requires a defendant to "have some part in <u>directing</u> [the enterprise's] affairs." *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993). "Outsiders," such as Hendren, may meet the "conduct" requirement only if they "exert control over" the enterprise such that they "conducted or participated in the conduct of the enterprise's affairs, not just their own affairs." *Id.* at 184-85. Plaintiffs allege that Hendren's contract with DARP, and paying wages to DARP, constitutes sufficient "conduct." However, contracting with a temporary labor provider, and paying that temporary agency for said labor, is merely Hendren conducting *its own* affairs. It is not exerting control over or directing an enterprise allegedly engaged in involuntary servitude and forced labor.

### 3. Plaintiffs Have Not Made A Plausible Claim that Hendren Engaged in "Racketeering Activity"

A RICO violation demands proof of …the actual commission of a pattern of predicate offenses." *Boyle v. United States*, 556 U.S. 938, 950 (2009). Plaintiffs allege forced labor as a predicate offense and claim that Hendren forced Plaintiffs' to work "by abuse of law or legal process." Plaintiffs argue that, because Hendren does not provide treatment, it "necessarily uses the Drug Court Act and the drug court process for a purpose for which they were not designed." (Doc. 109, p.10). This argument is nonsensical and does not support the contention that Hendren engaged in racketeering activity. Hendren has not held itself out to be a treatment program, nor is it required to provide treatment to Plaintiffs. As Plaintiffs point out, Hendren is a corporation which is not involved in the court system and is therefore unable to threaten Plaintiffs with incarceration. Moreover, Plaintiffs all entered plea deals, and agreed to engage in the drug program, including the work component, in order to avoid incarceration. They were not "compelled" to work for Hendren. They chose to participate in DARP as an alternative to incarceration and Hendren simply hired workers for its business. The facts in *Vaughn v. Phoenix*

*House Programs of New York* are similar to the present case.  The plaintiff challenged his participation in a probation work program as involuntary servitude.  That court noted that, although the plaintiff had chosen to participate in the program to avoid prison time, his participation was nevertheless voluntary.  *Vaughn v. Phoenix House Programs of New York,* No. 14-CV-3918 RA, 2015 WL 5671902, at 6 (S.D.N.Y. Sept. 25, 2015).  It was also significant to the court in *Vaughn* that the plaintiff did not allege the defendants used force, restraint, or other method of coercion to compel him to work. (*Id.*).

Both predicate offenses relied upon by Plaintiffs are part of the Trafficking Victims Protection Reauthorization Act ("TVPRA").  The TVPRA's focus is on "improper threats or coercion," it does not penalize "permissible warnings of adverse but legitimate consequences." *See Muchira v. Al-Rawaf*, 850 F.3d 605, 617 (4th Cir. 2017).  Although Plaintiffs could have faced incarceration had they chosen to leave the DARP program, this was not a threat even made by Hendren.  In any event, it was a fact of their plea agreement.  Plaintiffs' claims that Hendren violated TVPRA are not supported by the uncontested facts.

### 4. Plaintiffs Have Not Made a Plausible Claim That Plaintiffs Sustained Injuries Proximately Caused by Hendren

Plaintiffs allege they were "injured in their business and property by being deprived of wages for their labor and by having their business relations impeded by unlawful conduct." (Doc. 100, ¶15).   Hendren paid legal wages for the labor it received.  Hendren did not cause the injuries claimed by Plaintiffs (i.e. deprived of wages and impeding business relations). Plaintiffs argue their damages were caused by DARP's, not Hendren's, alleged failure to provide sufficient treatment in exchange for their labor. But even with respect to DARP, Plaintiffs had no expectation of wages and no business relationship to impede.  Under the terms of their plea

agreements, Plaintiffs were required to perform work in exchange for housing and treatment. Plaintiffs' alleged injuries stem from the plea agreement requirements, not Hendren's acts.

### B.   Plaintiffs Have Not Stated a Claim That Hendren Conspired to Violate 18 U.S.C. § 1962(c) in Violation of §1962(d)

Plaintiffs argue that, for the purpose of their conspiracy claim under 18 U.S.C. §1962(d), DARP is the enterprise and therefore they need not prove an association-in-fact involving Hendren.   However the claim still fails.   A conspiracy under §1962(d) requires that "each Defendant knowingly agreed that a conspirator would commit a violation of §1962(c). *Salinas v. U.S.*, 522 U.S. 52 (1993).  In *U.S. v. Harris* the Court noted that, although the government did not have to prove that defendant personally committed a predicate act, it still must prove that a defendant adopted the goal of furthering or facilitating the criminal endeavor, so long as that endeavor would, if completed, satisfy all the elements of a substantive criminal offense. *U.S. v. Harris*, 695 F.3d 1125, 1133 (2012).  As set forth above and in the Motion to Dismiss, Plaintiffs have not plausibly alleged that Hendren knowingly agreed to engage in, further, or facilitate forced labor or involuntary servitude.

### C. Plaintiffs' Claims Should Be Dismissed Because the State of Oklahoma (and its Agents) Are Necessary and Indispensable Parties

Oklahoma courts refer criminal defendants to DARP and have authorized DARP as a participant in the drug court program.  However, Plaintiffs complain that DARP was not properly licensed. These facts necessarily implicate the involvement of Oklahoma courts, despite the fact that Plaintiffs are not contesting their underlying pleas.

Plaintiffs argue that under Rule 19, only Oklahoma can assert that it is a necessary party. This argument is not supported by the text of the rule.  Rule 19 does not prohibit parties from requesting joinder of indispensable parties and does not state that only the absent party may

assert joinder.  Additionally, the rule provides that "if a person has not been joined as required, the court must order that the person be made a party." FRCP Rule 19(a)(2).  Plaintiffs cite cases, all from other circuits, which indicate that the court *may* (not must) deny a motion to dismiss if the absent party is not the one asserting joinder.  The cases Plaintiffs cite which prohibit an existing party from claiming an interest on an absent party's behalf are related to Rule 19(a)(1)(B)(i) only, and do not address remainder of Rule 19.

Plaintiffs argue that Hendren has executed a "spectacular about-face" by asserting that Oklahoma is an indispensable party.  However, Hendren's Motion to dismiss is consistent with its previous position.  Hendren continues to maintain that it has insufficient contact with Oklahoma for personal jurisdiction; Hendren maintains that it is not involved in any enterprise or conspiracy to commit racketeering.  However, Hendren asserts that, if Plaintiffs have any claims as alleged, those claims involve the courts of Oklahoma as a necessary party, not Hendren.

Plaintiffs argue that DARP was not qualified to provide treatment and therefore was not permitted to retain their wages under 22 O.S. §471.1(G).  However DARP's retention of wages was either explicitly or implicitly authorized by the Oklahoma courts by virtue of the courts' orders transferring Plaintiffs to DARP under their respective plea agreements.  Oklahoma courts approved and authorized the Plaintiffs' transfer to DARP.

Hendren had no authority or ability to require Plaintiffs to work under threat of incarceration, only Oklahoma courts had such authority.  Plaintiffs claim that every abuse of law case "involves the threat of a state sanction misused by private parties" and cite to cases involving employers threating immigrants with deportation proceedings.  The different between the cases relied upon by Plaintiffs and the present case is that, unlike the immigrant workers, Plaintiffs have already been adjudicated and sentenced.  The labor complained of is a voluntary

9

component of Plaintiffs' adjudication; Plaintiffs could have chosen incarceration in the alternative. It was the State of Oklahoma which gave Plaintiffs this choice and which holds the "coercive tools," not Hendren. Accordingly, the cases relied upon by Plaintiffs are inapplicable.

Plaintiffs claim that their lawsuit in no way impacts the State of Oklahoma or its agents. However it is not contested that Oklahoma judges and prosecutors approved and authorized Plaintiffs' transfer to DARP and Plaintiffs repeatedly claim that DARP was not a licensed facility. These allegations necessarily lay blame on the part of the State of Oklahoma. As a result of their transfer by the State of Oklahoma to the "unlicensed" DARP facilities, Plaintiffs allege that they have been forced into involuntary servitude. State drug courts have an interest in the outcome of these allegations, especially as it relates to potential claims under Title 42 §1983 which could affect state officials. Hendren had no power to force Plaintiffs to work, no power to revoke Plaintiffs' probation, and no power to incarcerate any individual. It was the State of Oklahoma which held the power and which is the author of the labor situation decried by Plaintiffs.

### D. Plaintiffs' Claims Should Be Dismissed Pursuant to *Heck v. Humphrey*

Plaintiffs rely on DARP's non-licensed status for their claims. The Oklahoma drug courts sent Plaintiffs to a non-licensed facility, accordingly, the conduct challenged in this case would render Plaintiffs' plea agreement invalid. The proper avenue for challenging the sentence by the State of Oklahoma is to pursue post-conviction relief. Instead Plaintiffs pursue Hendren, a private corporation, to challenge the terms of their sentences over which Hendren had no control or influence. Under *Heck v. Humphrey*, 512 U.S. 477 (1994) dismissal is appropriate.

### III.   CONCLUSION

Hendren requests that this Court dismiss Plaintiffs' claims.

Respectfully submitted,

FRANDEN | FARRIS | QUILLIN
   GOODNIGHT + ROBERTS

*/s/ Paula J. Quillin*
Joseph R. Farris, OBA #2835
Paula J. Quillin, OBA #7368
Williams Center Tower II
2 West 2nd Street, Suite 900
Tulsa, Oklahoma  74103
Tel:   918/583-7129
Fax:   918/584-3814
**Attorneys for Defendant, Hendren Plastics, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June 2018, I electronically filed the forgoing with the Clerk of the United States District Court for the Eastern District of Oklahoma, using the CM/ECF system which sent notification of such filing to all CM/ECF participants of record.

*/s/ Paula J. Quillin*
Paula Quillin

11